**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**JOHN SAULSBERRY,**

Plaintiff,

v.

**ST. MARY'S UNIVERSITY OF MINNESOTA, a Minnesota non-profit educational institution,**

Defendant.

Civil No. 00-1444 (PAM/JGL)

**ORDER**

APPEARANCES

Steve G. Heikens, Esq., on behalf of Plaintiff.

Teri Ellen Bentson, Esq., on behalf of Defendant.

JONATHAN LEBEDOFF, United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Magistrate Judge of District Court on February 13, 2001, on Plaintiff's Motion to Compel Discovery (Doc. No. 9), and Plaintiff's Supplemental Motion to Compel Production of Documents (Doc. No. 11). By agreement of the parties, Plaintiff's Second Motion to Compel Discovery (Doc. No. 21) is before the Court without oral argument. The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

MAR 0 1 2001
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

## I. INTRODUCTION

This action arises out of an employment dispute between the parties. Plaintiff Saulsberry, an employee of and a part-time student at St. Mary's University, brought this lawsuit alleging racial discrimination. Plaintiff is the director of the security department at Defendant's Twin Cities campus. He sought permission to enroll in Defendant's undergraduate courses for a reduced rate under Defendant's tuition remission program for employees and their immediate families. Defendant approved Plaintiff's enrollment for one course per semester at the reduced rate of twenty-five percent of regular cost.

During the 1996 through 1999 school years, Plaintiff enrolled in more than one course per semester, and in 1998 Plaintiff complained to Defendant that he was not receiving the seventy-five percent tuition remission. Defendant responded that Plaintiff had failed to pay any money towards his tuition bill for nearly one year. After Plaintiff received a letter from Defendant advising him that his tuition bill was correct, Plaintiff filed his claim of racial discrimination with the Minnesota Department of Human Rights ("MDHR"), and subsequently, in federal court.

In the present motion, Plaintiff seeks an order compelling Defendant to produce certain documents pursuant to Plaintiff's written requests, and a full and direct answer to Interrogatory Number 2, First

Set. Defendant opposes production of the documents and a more complete answer to the interrogatory on relevancy grounds.

## II. DISCUSSION

### A. Scope of Discovery

The Federal Rules of Civil Procedure contemplate liberal discovery. The information sought only need be "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1); Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978); Hickman v. Taylor, 329 U.S. 495, 501 (1947). A party is allowed to fully explore the relevant facts so that it can present reasoned and informed evidence and theories at trial. In the context of discovery, "relevant" has been defined as encompassing "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Hickman, 329 U.S. at 501. That is, the information must be relevant to the subject matter of the litigation. Additionally, discovery should not be limited to matters in the pleadings because discovery is designed to help establish and clarify the issues in a case. See id. at 500-01. And, discovery should not be limited to the merits of a case because other fact-oriented issues, possibly unrelated to the merits, may arise and properly be the subject of discovery. See Oppenheimer Fund, 437 U.S. at 351.

**B. Recent Changes to Rule 26(b)**

Defendant argues that Plaintiff is not entitled to any of the information he seeks, based upon the December 1, 2000 amendment to Fed. R. Civ. P. 26(b)(1), which provides:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(i), (ii), and (iii).

Fed. R. Civ. P. 26(b)(1) (2000). The major change to the Rule appears to be in the first sentence, allowing discovery of material relevant to a claim or defense of any party. Prior to December 1, 2000, Rule 26(b) allowed for discovery of "any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party . . . ." Fed. R. Civ. P. 26(b)(1) (1993).

The Advisory Committee noted that under the previous Rule 26, and particularly in cases involving large quantities of discovery, discovery requests tended to "sweep far beyond the claims and defenses of the parties on the ground that they nevertheless have a bearing on the

'subject matter' involved in the action." Fed. R. Civ. P. 26 advisory committee's note. The amendment to Rule 26(b)(1) "is designed to involve the court more actively in regulating the breadth of sweeping or contentious discovery." Id. Although the new rule intends for the parties to focus on the actual claims and defenses involved in the action, a variety of information "not directly pertinent to the incident in suit could be relevant to the claims or defenses" in the lawsuit, including other incidents of the same type as raised in the lawsuit. Id. The new Rule allows discovery of any matter relevant to any existing claim or defense of any party, and signals there is no longer an entitlement to discovery of information to develop new claims or defenses not already identified in the pleadings. Id.

The present situation, however, is not a case of one party serving "sweeping" discovery requests on another party. Under the new Rule 26(b)(1), the scope of discovery remains broad, and Plaintiff needs only to show relevance to the substance of any party's claim or defense in this action.

**C. Plaintiff's Document Requests, First Set**

Plaintiff served twenty document requests on Defendant, to which Defendant responded on January 23, 2001. Plaintiff asserts in his motion that Defendant wrongly failed to produce the documents requested in Document Request Numbers 3, 4, 7, 10, 11, and 12. Plaintiff additionally argues in his Memorandum to Support Motion to

Compel that Defendant should also be compelled to produce documents in response to Document Request Number 5.

### 1. **<u>Personnel Records of Barbara Croucher and Daniel Maloney</u>**

Document Request Number 3 seeks the personnel file for Barbara Croucher, an employee of Defendant who received tuition remission. Plaintiff contends that Ms. Croucher's personnel file is relevant because she received thirty-six academic credits for her on-the-job activities, in addition to her transfer credits. Defendant argues that Plaintiff has not set forth how Ms. Croucher's personnel file might relate to a claim or defense of any party in this action. Additionally, Defendant asserts that Plaintiff has already obtained that which he seeks – Ms. Croucher's tuition remission information – and that receipt of tuition remission and academic credit information are not contained in the employee's personnel records.

Document Request Number 5 seeks the personnel file for Daniel Maloney, a supervisor. Plaintiff contends that Mr. Maloney's personnel file is relevant to whether "any complaints were recorded against him and if so, whether any disciplinary action was taken." (Pl.'s Mem. Supp. Mot. Compel at 4.) Defendant argues that this information is irrelevant to Plaintiff's complaint that Defendant discriminated against him.

A plaintiff in a discrimination case may prove discrimination through indirect, circumstantial, probative evidence. <u>See</u> <u>Estes v. Dick</u>

Smith Ford, Inc., 856 F.2d 1097, 1103 (8th Cir. 1988) (quoting Riordan v. Kempiners, 831 F.2d 690, 697 (7th Cir. 1987)).

> Circumstantial proof of discrimination typically includes unflattering testimony about the employer's history and work practices – evidence which in other kinds of cases may well unfairly prejudice the jury against the defendant. In discrimination cases, however, such background evidence may be critical for the jury's assessment of whether a given employer was more likely than not to have acted from an unlawful motive.

Id. While it is true that Plaintiff must ultimately prove that his particular treatment by Defendant was unlawful, Plaintiff is entitled to discover information relating to Defendant's prior acts of discrimination, if any, to support his claims. See id. Any such information is relevant to Defendant's motives, even where the information is not extensive enough to establish discriminatory animus by itself. See id. at 1104.

Document Request 3 seeks the personnel records of Ms. Croucher, and Plaintiff has failed to establish how Ms. Croucher's personnel records are relevant to this action. Thus, this portion of Plaintiff's motion is denied. However, Document Request Number 5 requests Mr. Maloney's personnel file. Although the entire file is not relevant to this action, any complaints of discrimination are relevant to Plaintiff's claims. Therefore, Defendant shall produce, under an order of confidentiality, any documents in Mr. Maloney's personnel file that are probative of any complaints of discrimination filed against Mr. Maloney, and the resulting action taken by Defendant.

**2. Educational Records of Barbara Croucher, Linda O'Brien, Steven Brandt, Jeremy Perrin, and Valerie Upsher**

Document Request Numbers 4, 10, and 11 seek the educational records of Barbara Croucher, [1] Linda O'Brien, Steven Brandt, Jeremy Perrin, and Valerie Upsher. Defendant argues that the educational records are not discoverable under the Family Educational and Privacy Rights Act ("FEPRA"), which prohibits unauthorized dissemination of student records. See 20 U.S.C. § 1232g. Defendant asserts that FEPRA prevents it from disclosing the requested records absent the written permission of the student. However, there is an exception for such information "furnished in compliance with judicial order. . . ." 20 U.S.C. § 1232g(b)(2)(B). Thus, educational records may be produced pursuant to a court order without the permission of the student, on the condition "that parents and the students are notified" of the order prior to the educational institution's compliance therewith. Id.

Accordingly, the Court turns to the relevancy of the educational records requested. Plaintiff argues that the educational records are relevant as essential "comparative statistical data" with which Plaintiff may "suggest that equal employment opportunity was not the [employer's] prevailing policy. . . ." Estes, 856 F.2d at 1103 (quoting Naraine v. Western Elec. Co., 507 F.2d 590, 594 (8th Cir. 1974)).

---

[1] The student records of Barbara Croucher were inadvertently disclosed by Defendant on November 20, 2000, and thus, Plaintiff's motion to compel a response to Document Request Number 4 is moot.

Plaintiff asserts the educational records are relevant for a variety of reasons. First, the records will show the number of courses in which the employees enrolled, the number of credits they received for both the enrolled courses and as transfer credits, and the number of credits they received for on-the-job activities. Furthermore, the academic records will show the grades they received in their courses. Plaintiff argues their grades are relevant, since Plaintiff could receive tuition remission only for courses in which he received a grade of "B" or better. Whether other employees received lower than a "B" grade in any courses for which they received tuition remission is directly probative of Plaintiff's discrimination claim.

Defendant argues, however, that the student records are not relevant to a claim or defense in this action against St. Mary's University, Plaintiff's employer. Defendant asserts that the student records are related only to whether Plaintiff was unfairly treated as a student by Defendant St. Mary's University, and contends that this claim is not related to Plaintiff's employment discrimination claim. However, Defendant admits that it offered tuition remission as a benefit to its employees. How the tuition remission was administered with respect to its employees is directly relevant to Plaintiff's claim of discrimination. Therefore, this portion of Plaintiff's motion is granted. Plaintiff agreed at the motions hearing that the personally-identifying information could be replaced with a number and the employee's race. Accordingly, Defendant

shall produce the educational records in response to Plaintiff's Document Request Numbers 10 and 11, but may replace the personally-identifying information with a number and the employee's race. The information shall be produced under a confidential designation. Plaintiff's motion to compel a response to Document Request Number 4 is denied as moot.

### 3. <u>Tuition Payments, Remissions, and Discounts Offered to Defendant's Twin Cities Campus Employees in Undergraduate Courses</u>

Document Request Number 12 seeks all records evidencing tuition payments, remissions, or discounts that Defendant offered to its Twin Cities Campus employees who enrolled in undergraduate coursework between 1994 and 2000. Plaintiff argues that Defendant "flooded us with data blurring graduate and undergraduate students. We seek narrowly tailored data." (Pl.'s Mem. Supp. Mot. Compel at 4.) Rule 34 governs the production of documents and requires the producing party to produce the documents "as they are kept in the usual course of business" or the producing party may, at its option, "organize and label them to correspond with the categories in the request." Fed. R. Civ. P. 34(b). Plaintiff does not complain that Defendant failed to produce the requested documents, only that the documents are not in the form that Plaintiff prefers. However, Defendant complied with the requirements of Rule 34 and produced all of the relevant information in the format ordinarily kept by Defendant. Accordingly, the Court finds that

Defendant has produced the requested documents, and this portion of Plaintiff's motion is denied.

**4. Document Request Number 7**

In Plaintiff's motion papers, he requests an order compelling Defendant to produce documents in response to Plaintiff's Document Request Number 7, which seeks notes prepared by Barbara Croucher concerning any meetings she had with or regarding Plaintiff Saulsberry. Defendant responded to this request and indicated that there are no such documents except for two memoranda which it has already produced. Furthermore, Plaintiff failed to indicate what he believed to be missing in Defendant's response. Therefore, the Court finds that Defendant has adequately responded to Plaintiff's request, and this portion of Plaintiff's motion is denied.

**D. Plaintiff's Interrogatories**

Plaintiff served several interrogatories on Defendant, to which Defendant timely responded. Plaintiff complains that Interrogatory Number 2 was improperly answered, and requests an order compelling Defendant to respond more specifically to the interrogatory. Rule 33 of the Federal Rules of Civil Procedure governs the use of interrogatories in discovery practice. It provides that the party served "shall furnish such information as is available to the party." Fed. R. Civ. P. 33(a). The Rule further provides: "Each interrogatory shall be answered separately and fully in writing under oath, unless it is objected

to, in which event the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable." Fed. R. Civ. P. 33(b)(1). Furthermore, "[a]ll grounds for an objection to an interrogatory shall be stated with specificity." Fed. R. Civ. P. 33(b)(4). The responding party has a duty to provide full answers to the extent the interrogatory is not objectionable.

Plaintiff requests for each of Defendant's employees who received a reduction in tuition since 1995: (1) the total amount of tuition reduction received; (2) whether the reduction was received at the beginning of the term; (3) whether reimbursement was received either after the term or after credits were issued; (4) the time period for which the reduction was received; (5) the total number of terms for which credit was received; and (6) the starting and ending dates for reduction, and whether reduction is completed or in progress. Defendant responded to the interrogatory with both general and specific objections, but apparently attached copies of all of the tuition remission records for the employees. [2]

Plaintiff has not clearly stated what additional information he seeks. In his memorandum, Plaintiff states that "[t]he data is blurred," and argues that "[b]y lumping all the data into a 365 day

---

[2] Defendant's response to the Interrogatory Number 2 states that it attached copies of the tuition remission records. However, Plaintiff provided to the Court only the first two pages of Defendant's Answers to Plaintiff's Interrogatories' [sic], and did not attach copies of the tuition remission records. It is therefore impossible for the Court to determine the adequacy of Defendant's response.

interval, Defendant effectively precludes any analysis of whether its actions were taken before or after the complaint by plaintiff in Feb [sic] and April 1998 or the charge to Human Rights in 2/1999." (Pl.'s Mem. Supp. Mot. Compel at 5.) The Court does not have adequate information to determine the sufficiency of Defendant's response, and cannot discern the precise information Plaintiff believes is lacking. Therefore, this portion of Plaintiff's motion is denied.

**D. Plaintiff's Document Requests, Second Set**

Plaintiff served sixteen document requests on Defendant, to which Defendant supplemented its responses on February 21, 2001. Plaintiff alleges in his motion that Defendant failed to properly respond to Document Request Numbers 3-11 and 16. The parties agree that Defendant has produced the requested material for Document Request Numbers 3-6, thereby making that portion of Plaintiff's motion moot, and this aspect of Plaintiff's motion is denied as moot.

**1. Personnel and Student Records of J. Lam, S. Borkin, Latoya Jackson, and Robin Knight**

Document Request Numbers 7-11 request the personnel records and student records of five additional employees of Defendant. Plaintiff asserts that four of the individuals, J. Lam, S. Borkin, Latoya Jackson, and Robin Knight, are relevant because they are employees of Defendant, several of whom are African-American. Plaintiff has not set forth adequate explanation as to why the personnel records of these individuals are relevant to this matter, and the Court will not infer

relevancy. Therefore, this portion of Plaintiff's motion is denied. However, as discussed at length in Part II.C.2. of this Order, the educational records of the four individuals are relevant to Plaintiff's claim of discrimination, and he is entitled to comparative statistical data. See Estes, 856 F.2d at 1103. Therefore, this portion of Plaintiff's motion is granted. Defendant shall produce the educational records of J. Lam, S. Borkin, Latoya Jackson, and Robin Knight, but may substitute personally-identifying information with a number and the employee's race. The information shall be produced under a confidential designation.

**2. Personnel and Student Records of Kelly Coyle**

Plaintiff asserts different grounds for the relevancy of Kelly Coyle's records. Plaintiff argues that Mr. Coyle's records are relevant based on Mr. Coyle's decision to award thirty-six academic credits to another employee, Barbara Croucher, without her enrollment in classes for those credits. The Court fails to see how Mr. Coyle's personnel records or student records are relevant to this action. His decision to award credits to Ms. Croucher and his credentials are available to Plaintiff without accessing his personnel and student records. Therefore, this portion of Plaintiff's motion is denied.

**3. Tuition Payments for Jerry Perrin**

Finally, in Document Request Number 16, Plaintiff seeks documents authorizing payment to another college on behalf of

Defendant's employee, Jerry Perrin. Plaintiff asserts that this information is relevant to the present action in that payments made to another college by Defendant may support Plaintiff's claim that other employees were granted special privileges denied to Plaintiff. Under the broad scope of discovery, this information is relevant, and therefore discoverable. Defendant shall respond to Document Request Number 16 and produce the requested documents.

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED:**

(1) Plaintiff's Motion to Compel Discovery (Doc. No. 9) is **GRANTED IN PART** and **DENIED IN PART** as set forth fully in the body of this Order;

(2) Plaintiff's Supplemental Motion to Compel Production of Documents (Doc. No. 11) is **DENIED** for failure to meet and confer prior to the hearing pursuant to D. Minn. LR 37.1; and

(3) Plaintiff's Second Motion to Compel Discovery (Doc. No. 21) is **GRANTED IN PART** and **DENIED IN PART** as set forth fully in the body of this Order.

Dated: March 1, 2001

JONATHAN LEBEDOFF
United States Magistrate Judge