UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

John Saulsberry, Civ. File No. 00-1444 (PAM/JGL)

Plaintiff,

v. **ORDER**

St. Mary's University of Minnesota,
a Minnesota non-profit educational institution,

Defendant.

---

This matter is before the Court on Defendant's second Motion for Summary Judgment, and Plaintiff's Motion to Strike. On May 16, 2001, this Court granted in part Defendant's first Motion for Summary Judgment and dismissed all but one of the counts of Plaintiff's Complaint. The case was set for trial in the August 2001 trial block. In early August, Defendant contacted the Court's calendar clerk and asked to be taken off the trial calendar, asserting that the parties had agreed to resolve the matter through another Motion for Summary Judgment. It appears, however, that Defendant's counsel may not have had the agreement of Plaintiff's counsel to make this request, as evidenced by Plaintiff's Motion to Strike the second summary judgment motion.

The Court agrees with Plaintiff that the second Motion for Summary Judgment is untimely and should be stricken. However, even were the Court to reach the merits of the second Motion, that Motion would be denied. The Court made clear in its May Order that

FILED SEP 19 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

genuine issues of material fact preclude summary judgment on Plaintiff's claims of direct discrimination under 42 U.S.C. § 1981, and no new evidence or legal authority has come to light in the interim that would change that determination.

Defendant appears to be arguing that the Court was mistaken, and that there is no evidence in support of Plaintiff's claims. The Court disagrees. While Plaintiff's evidence may not be the strongest or most persuasive, it is not the Court's province on a motion for summary judgment to weigh the evidence. Defendant contends that Plaintiff has no evidence that the decisionmaker involved in the decision to grant him a 75% tuition reimbursement had a discriminatory attitude. Defendant correctly states that Plaintiff must come forward with evidence of such attitude, but does not acknowledge that such evidence may be in the form of conduct and need not be in the form of direct statements. In this case, the decisionmaker granted Plaintiff a 75% reimbursement and later granted white employees a 100% reimbursement. A factfinder could determine from this evidence that the decisionmaker harbored the requisite discriminatory attitude. While it is true that other evidence, including Plaintiff's own deposition testimony, tends to show that the decisionmaker did not have a discriminatory attitude, the existence of such evidence goes to the strength of Plaintiff's case and the likelihood that he will prevail at trial, and not to whether summary judgment should be granted. It is clear that there is conflicting evidence in this case, and therefore summary judgment is not appropriate.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Strike (Clerk Doc. No. 48) is **GRANTED**;

2. Defendant's second Motion for Summary Judgment (Clerk Doc. No. 45) is **STRICKEN**; and

3. The Calendar Clerk is directed to reinstate this matter on the Court's trial calendar.

Dated: September 19, 2001

Paul A. Magnuson
United States District Court Judge

# Please forward this announcement to the recipient of this fax.

---

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

## For additional information on either program please visit our website at www.mnd.uscourts.gov.

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500