UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

John Saulsberry,

Civ. File No. 00-1444 (PAM/JGL)

Plaintiff,

v.

**MEMORANDUM AND ORDER**

St. Mary's University of Minnesota,
a Minnesota non-profit educational institution,

Defendant.

---

This matter is before the Court on several pretrial motions. Defendant has moved to bifurcate the punitive damages portion of the trial and has also filed two motions in limine. Plaintiff has filed one motion in limine. The Court will address each motion in turn.

## A. Motion to Bifurcate

Defendant has moved pursuant to Fed. R. Civ. P. 42(b) to bifurcate Plaintiff's request for punitive damages. Defendant claims that bifurcation will prevent prejudice to Defendant, and the Court agrees. As indicated at the status conference, this Motion will be granted.

## B. Defendant's Motions in Limine

### 1. Motion to Exclude Certain Statements

In its first Motion, Defendant seeks to exclude evidence about alleged comments made by people with whom Plaintiff worked. These comments consist of: (1) a comment by

FILED OCT 3 1 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Vice President Daniel Maloney in May 1998, concerning black children having "ashy" skin; (2) a comment by Vice President Maloney's assistant, John Pyle, in September of 1998, referring to Plaintiff as "Shaft"; and (3) a comment by a temporary receptionist who brought her dog to work, saying she wanted a black dog to protect her from a "black dog." Defendant also seeks to exclude evidence of the conduct of and comments made by Barbara Croucher, who was Plaintiff's supervisor.

The summary judgment Order in this case significantly narrowed the scope of Plaintiff's claims. Specifically, that Order limited Plaintiff to his claim for discrimination under 42 U.S.C. § 1981. In relevant part, section 1981 prohibits discrimination in making and enforcing contracts. See 42 U.S.C. § 1981(a). The summary judgment Order dismissed Plaintiff's claims under Title VII, the Minnesota Human Rights Act, and his claims for retaliation. Thus, the only claim remaining in the case is Plaintiff's claim that Defendant's decision to give him a 75% tuition reimbursement, as opposed to a 100% tuition reimbursement, constitutes racial discrimination actionable under § 1981.

The decision to give Plaintiff a 75% tuition reimbursement was made in 1996. As noted in the summary judgment Order, Plaintiff concedes that he learned of the alleged disparity in tuition reimbursement no later than January 1998. Thus, Plaintiff's claim under § 1981 arose no later than January 31, 1998, and is limited to events occurring before that date. Indeed, the summary judgment Order dismissed Plaintiff's MHRA claims because Plaintiff's discrimination charge was not filed until February 16, 1999, beyond the one-year

statute of limitations for those claims. To the extent that Plaintiff seeks to introduce evidence of allegedly discriminatory actions taken after January 1998, that evidence is not relevant to Plaintiff's § 1981 claim, and will not be admitted.

Moreover, it is clear that the comments made by the temporary receptionist and by John Pylc, no matter when these comments were made, are not relevant. Comments by supervisors and decisionmakers may show discriminatory intent. Comments by co-workers who were not supervisors or decisionmakers do not have a sufficient nexus to the allegedly discriminatory decision, and are therefore not relevant. See Roxas v. Presentation College, 90 F.3d 310, 317 (8th Cir. 1996). Plaintiff may not reference these comments for any purpose.

Similarly, Vice President Maloney's comment about black children's "ashy" skin will be excluded. Under Rule 403, otherwise admissible evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed. R. Evid. 403. Vice President Maloney's comment is, at most, tangentially relevant to the issue before the jury. The comment is a stray comment with little probative value, and the danger of unfair prejudice if this comment is admitted is high. Thus, Plaintiff may not reference this comment for any purpose.

Finally, with respect to comments made by and conduct of Barbara Croucher, the Court will allow Plaintiff to introduce this evidence, subject to the above discussion. Should it become apparent that Plaintiff intends to introduce evidence that does not bear on the

allegedly discriminatory decision regarding tuition reimbursement, that evidence will be excluded.

2. Motion to Exclude Plaintiff's Reasons for Failure to Take Remedial Actions

Defendant asks the Court to exclude any evidence of why Plaintiff did not take advantage of remedial measures after learning of the alleged discrimination, such as speaking to the University's president or filing a complaint as provided in the employee handbook. Defendant contends that Plaintiff will introduce the comments discussed above as the reason he did not follow any internal procedure for remediating the alleged discrimination.

The Court has held that Plaintiff may not introduce the comments made by the temporary receptionist, John Pyle, or Vice President Maloney for any purpose. However, if Plaintiff can explain his failure to attempt remedial measures without reference to those comments, he may do so. Should Defendant have further objection to Plaintiff's explanation, the Court will take up those objections during the course of trial.

**C. Plaintiff's Motion**

Plaintiff seeks to exclude reference to Plaintiff's religious preference. Specifically, Plaintiff is concerned that any reference to a prior charge of discrimination in which Plaintiff claimed both race and religious discrimination might lead to the revelation of Plaintiff's religious beliefs and might thereby prejudice the jury. The Court agrees that Plaintiff's religious preference is not relevant to the current allegations of discrimination. Defendant will be allowed to question Plaintiff about his previous discrimination claim, but should not

directly or indirectly refer to Plaintiff's religious preference, including Plaintiff's previous name or name change.

Based on the files, record, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Bifurcate is **GRANTED**;
2. Defendant's Motions in Limine are **GRANTED in part** and **DENIED in part**; and
3. Plaintiff's Motion in Limine is **GRANTED in part** and **DENIED in part**.

Dated: October 31, 2001

Paul A. Magnuson
United States District Court Judge