UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

John Saulsberry,

Civ. File No. 00-1444 (PAM/JGL)

Plaintiff,

v.

**MEMORANDUM AND ORDER**

St. Mary's University of Minnesota,
a Minnesota non-profit educational institution,

Defendant.

---

The above-entitled action came on for jury trial before the Court on November 5, 2001. On November 8, 2001, after less than an hour of deliberations, the jury returned its special verdict, finding in favor of Defendant on Plaintiff's claim of race discrimination under 42 U.S.C. § 1981. Judgment was entered on the verdict on November 16, 2001. This matter is now before the Court on Plaintiff's Motion for New Trial. After a review of the record and consideration of the arguments set forth, the Court denies the Motion.

The Court may grant a new trial if, because of an unsupported verdict, an excessive damage award, or significant legal errors at trial, a "miscarriage of justice" has occurred. Gray v. Bicknell, 86 F.3d 1472, 1480 (8th Cir. 1996); Hannah v. Haskins, 612 F.2d 373, 376 (8th Cir. 1980) (new trial is appropriate if "prejudicial error has been committed in the trial of the action.").

Plaintiff argues that a new trial is warranted because of no fewer than seven alleged errors of law made by the Court during the trial. These errors include the exclusion of some

FILED DEC 10 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

evidence, the inclusion of other evidence, and alleged errors in the jury instructions and verdict form. None of the grounds cited by Plaintiff, either individually or taken together, rises to the level of prejudicial error that would mandate a new trial.

**A. Evidentiary Rulings**

Prior to trial and during trial, the Court excluded certain evidence of statements made by Plaintiff's co-workers. Plaintiff insisted and continues to insist that these statements show some sort of "institutional motive" on the part of Defendant to discriminate against Plaintiff. As stated in the Order on motions in limine, however, many of the statements are too remote in time or too remote from the decisionmakers in this case to be of any probative value. Moreover, the "ashy skin" comment was at most a stray remark whose prejudicial effect would have far outweighed whatever probative value it might have had. Finally, the evidence of the tuition remission received by two other employees (one white and one black) more than 8 months after the last allegedly discriminatory decision at issue was proper. The Court did not err in excluding any of this evidence, or in admitting the evidence of Plaintiff's previous discrimination charge.

**B. Jury Instructions and Verdict Form**

Plaintiff complains that the jury instructions and the verdict form reflected Defendant's theory of the case, and thereby prejudiced Plaintiff. Nowhere in his Motion does Plaintiff specify which instructions are unfair. Nor does Plaintiff explain how the verdict form reflects Defendant's theory. That form stated only, "On the claim of Plaintiff

John Saulsberry that St. Mary's intentionally discriminated against him on account of his race in determining the amount of his tuition remission, we find in favor of: _____." It is the Court's recollection that Plaintiff did not object to the verdict form. In any case, neither the jury instructions nor the verdict form present one party's view of the case to the detriment of the other party. To the extent that Plaintiff contends that he should have been allowed to raise discrimination other than the tuition remission disparity, that issue was disposed of on summary judgment and is not a proper subject of a motion for a new trial.

**C. Paternalism Argument**

Finally, Plaintiff asserts that a new trial is warranted because the Court precluded Plaintiff from arguing that the tuition remission decision was motivated by paternalism. As noted by Defendant, Plaintiff did in fact make this argument to the jury, despite the Court's instructions to the contrary. Plaintiff's paternalism argument was an unconcealed effort to turn evidence unfavorable to Plaintiff into evidence that might have helped his case. The argument was properly excluded. Moreover, even if the exclusion was improper, Plaintiff made the argument to the jury, who quite reasonably rejected it.

Based on the files, record, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's Motion for a New Trial (Clerk Doc. No. 70) is **DENIED**.

Dated: December 10, 2001

Paul A. Magnuson
United States District Court Judge